# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Justin A. Sullivan,** ) | CASE NO. 1: 23 CV 369 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Lake County Sheriff's Department,** ) | |
| *et al.*, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* plaintiff Justin A. Sullivan has filed this prisoner civil rights damages action under 42 U.S.C. § 1983 against the Lake County Sheriff's Department, Lake County Sheriff Frank Leonbruno, and four prison corrections officers. In his complaint, he alleges that the corrections officers (Officers Hamper, Kline, Tuttle, and Pate) used excessive force against him while he was incarcerated in the Lake County Jail.

Because plaintiff is proceeding *in forma pauperis* and is a prisoner suing governmental defendants, the Court must review his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Those statutes require the Court to review plaintiff's complaint, and to dismiss before service any portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A. *Hill*, 630 F.3d at 470 71. To survive a dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" against each defendant. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Upon review, the Court finds that the complaint must be dismissed as against the Lake County Sheriff's Department and Sheriff Leonbruno for failure to state a plausible claim under § 1983.

A claim for a violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983. A sheriff's department is not a "person" subject to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Further, plaintiff has not alleged facts from which a plausible inference could be drawn that a custom or policy of Lake County itself caused a violation of his constitutional rights such that liability could be imposed on Lake County in connection with the conduct plaintiff alleges. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for a constitutional deprivation only if there is a direct causal link between a policy or custom of the entity itself and the constitutional violation).

Plaintiff's complaint fails to state a plausible claim against Sheriff Leonbruno because it does not contain specific factual allegations as to the Sheriff. Where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal

-2-

construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Moreover, supervisory government officials and employees cannot be held liable for constitutional rights violations committed by subordinates solely on the basis of respondeat superior. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Webb v. Knox Cnty. Sheriff*, 3:19-CV-406, 2020 WL 5225673, at *1 (E.D. Tenn. July 6, 2020) (Report and Recommendation), adopted, 2020 WL 5209850, at *1 (E.D.Tenn. Sept. 1, 2020) (dismissing action against sheriff).

## Conclusion

Accordingly, plaintiff's complaint is dismissed as against the Lake County Sheriff's Department and Sheriff Frank Leonbruno pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

Although the action may proceed as against the defendant corrections officers, plaintiff has not provided the Court with the appropriate U.S. Marshal forms and summonses necessary for the U.S. Marshal to effectuate service of process on these defendants. Accordingly, if plaintiff wishes to proceed with this action, he is hereby ordered, within thirty (30) days of the date of this Order, to provide the Court with **a completed U.S. Marshal form, two summonses, and a copy of his complaint**, for each defendant he seeks to sue. The Clerk's Office is directed to send sufficient U.S. Marshal forms and summonses to plaintiff for this

purpose. Upon the Court's receipt of the materials necessary for service of process, the matter will be referred to the U.S. Marshal for service.

**Plaintiff is notified that his action will be dismissed without further notice if he fails to comply with this Order by providing the materials stated above necessary for service of process.**

  IT IS SO ORDERED.


             /s/ Patricia A. Gaughan
             PATRICIA A. GAUGHAN
Dated: 6/7/23        United States District Judge